EXHIBIT 1

# Stock Agreement

1.  **Names.** CARLOS MADRIGAL (Shareholders) and FRUITVALEONE, INC. (Corporation) agree to the following.

2.  **Restrictions on Sale of Stock.** Shareholders will sell their stock in FRUITVALEONE, INC. only as stated in this agreement.

3.  **Offer to Corporation.** A Shareholder who receives a good faith written offer to purchase all or part of his or her shares will offer the Corporation the opportunity to buy the shares on the same terms and will give the Corporation a copy of the offer he or she has received. The Corporation, through its board of directors, will have ten days from the time it receives written notice from a Shareholder to decide whether the Corporation will buy the shares.

4.  **Offer to Shareholders.** If the Corporation does not buy the shares, the selling Shareholder will offer the remaining Shareholders (in writing and on a pro-rata basis) the opportunity to buy the shares on the same terms and will give the remaining Shareholders a copy of the offer he or she has received. The remaining Shareholders will have ten days from the time they receive written notice from the selling Shareholder to decide whether to buy the shares on a pro-rata basis or such other basis as the remaining Shareholders may agree upon.

5.  **Remaining Shares.** If any shares are not bought by the Corporation or the remaining Shareholders, the selling Shareholder may sell those shares to the person who made the offer to purchase. The terms will be the same as offered to the Corporation and other Shareholders. Any sale to the person who made the offer must take place within 30 days after the procedures described in Paragraphs 3 and 4 have been concluded, or such sale will be invalid.

6.  **Continuing Effect.** Anyone who becomes an owner of shares of stock in the Corporation will be bound by this agreement. The following will be endorsed on all stock certificates:

    The transfer of shares represented by this certificate is subject to the terms

Case: 13-04087    Doc# 17    Filed: 07/12/13    Entered: 07/12/13 18:06:35    Page 2 of 8

of a stock agreement signed by the Shareholders and the Corporation, dated 07/14/2008. A copy is on file with the corporate Secretary.

[XXX] 7.   **Death of Shareholder.** Upon the death of a Shareholder, the Corporation will, within 180 days, buy the deceased Shareholder's shares from the deceased Shareholder's estate. The amount to be paid will be:

[XXX] The fair market value of the deceased Shareholder's shares as determined by the Corporation's accountant.

[NOT APPLICABLE] NOT APPLICABLE.

The Corporation will buy and maintain insurance on the life of each Shareholder in an amount sufficient to pay for the shares of a Shareholder who dies. Life insurance proceeds that exceed the purchase price of the shares will belong to the Corporation.

8.   **Entire Agreement.** This is the entire agreement between the parties. It replaces and supersedes any and all oral agreements between the parties, as well as any prior writings.

9.   **Successors and Assignees.** This agreement binds and benefits the heirs, successors, and assignees of the parties.

10.   **Notices.** All notices must be in writing. A notice may be delivered to a party at the address that follows a party's signature or to a new address that a party designates in writing. A notice may be delivered:

(1) in person,

(2) by certified mail, or

(3) by overnight courier.

11.   **Governing Law.** This agreement will be governed by and construed in accordance with the laws of the state of CALIFORNIA.

12.   **Counterparts.** The parties may sign several identical counterparts of this agreement. Any fully signed counterpart shall be treated as an original.

13.   **Modification.** This agreement may be modified only by a writing signed by the



party against whom such modification is sought to be enforced.

14. **Waiver.** If one party waives any term or provision of this agreement at any time, that waiver will only be effective for the specific instance and specific purpose for which the waiver was given. If either party fails to exercise or delays exercising any of its rights or remedies under this agreement, that party retains the right to enforce that term or provision at a later time.

15. **Severability.** If any court determines that any provision of this agreement is invalid or unenforceable, any invalidity or unenforceability will affect only that provision and will not make any other provision of this agreement invalid or unenforceable and such provision shall be modified, amended, or limited only to the extent necessary to render it valid and enforceable.

Dated: _____

SHAREHOLDERS

By: *[signature]*

Printed Name: CARLOS MADRIGAL

Address: 1036-30TH ST EMERYVILLE, CA 94608

By: *[signature]*

Printed Name: MARIO JUAREZ

Address: 4030A INTERNATIONAL BLVD, OAKLAND, CA 94601

CORPORATION

Name of Business: FRUITVALEONE, INC.,

a CALIFORNIA CORPORATION

Case: 13-04087   Doc# 17   Filed: 07/12/13   Entered: 07/12/13 18:06:35   Page 4 of 8

By: *[signature]*

Printed Name: MARIO JUAREZ

Title: CEO

Address: 4030A INTERNATIONAL BLVD, OAKLAND, CA 94601

EXHIBIT 2

NUMBER 1037( )

SHARES 1,250

INCORPORATED UNDER THE LAWS OF CALIFORNIA

Common Shares

FRUTIVOS DE, IC.

THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED OR QUALIFIED UNDER ANY FEDERAL OR STATE SECURITIES LAW. THEY HAVE BEEN ACQUIRED FOR INVESTMENT PURPOSES AND NOT WITH A VIEW TOWARD RESALE AND MAY NOT BE OFFERED FOR SALE, SOLD, TRANSFERRED, OR PLEDGED WITHOUT REGISTRATION AND QUALIFICATION PURSUANT TO SUCH LAWS OR AN OPINION OF LEGAL COUNSEL SATISFACTORY TO THE CORPORATION THAT SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED.

This Certifies that CARLOS MADRIGAL is the owner of 1250 fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated 7/14/08

_____, President
_____, Secretary

*For value received, the undersigned hereby sells, assigns and transfers to* _____

PRINT OR TYPE NAME AND ADDRESS OF ASSIGNEE

_____

_____ *Shares*

*represented by the within Certificate, and does hereby irrevocably constitute and appoint* _____

*Attorney to transfer the said shares on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated:* _____

*In presence of* _____

_____

NOTICE: The signature to this assignment must correspond with the name as written upon the face of this certificate in every particular without alteration or enlargement, or any change whatever.