| | |
|---|---|
| 1 | James Martinez (SBN 235800)<br>**LAW OFFICE OF JAMES MARTINEZ**<br>2340 Powell Street, #317<br>Emeryville, CA 94608<br>Telephone: (510) 444-7700 |

James Martinez (SBN 235800)
**LAW OFFICE OF JAMES MARTINEZ**
2340 Powell Street, #317
Emeryville, CA 94608
Telephone: (510) 444-7700

Attorneys for Plaintiff
**CARLOS MADRIGAL**

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE MARIO ROBERTO JUAREZ, AKA MARIO JUAREZ, DBA FIRESIDE CALIFORNIA GROUP, INC., DBA MARIO JUAREZ SELLING TEAM**<br><br>　　　　　Debtor,<br><br>─────────────────────────<br><br>**CARLOS MADRIGAL,**<br>　　　　　Plaintiff,<br>vs.<br><br>**MARIO ROBERTO JUAREZ, AKA MARIO JUAREZ,**<br>　　　　　Defendant.<br>─────────────────────────| Case Number 13-40355 RLE<br><br>Chapter 13<br><br>**CARLOS MADRIGAL'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**<br><br><br><br>**ADVERSARY PROCEEDING NUMBER 13-04087** |

### I. THE PAROL EVIDENCE RULE DOES NOT BAR ORAL EVIDENCE OF MISREPRESENTATION OF FACT

Debtor Mario Juarez approached Mr. Madrigal, and pitched a bogus investment in a fictional biodiesal company he said he would establish, promising a return of three times Mr. Madrigal's investment within three years. Debtor Mario Juarez told Mr.

–1–

Madrigal that he was gathering people to invest in a project that would build an industrial plant to manufacture biodiesel. Mr. Madrigal, he said, would be an "owner" of the company if he were to invest with Mario Juarez. An investment of $50,000, he told Mr. Madrigal, would buy him 1,250 shares of stock, and yield $150,000 in just three years. On these representations, Mr. Madrigal gave $50,000 to Defendant Mario Juarez. However, Debtor Juarez never conducted any business related to any biodiesel plant. Defendant Mario Juarez, after selling him on his scam, never spent a single penny of Mr. Madrigal's money toward establishing a biodiesal plant, instead he just pocketed that cash, almost certainly tax-free. Indeed, Mario Juarez testified at his deposition that Fruitvale One, Inc., the name of Mario Juarez's sham operation in this fraud, never was involved in biodiesal, but apparently, if any of his testimony is to be believed, the only business Fruitvaleone, Inc. engaged in was "to hire staff to perform clerical work for" him.

All of these misrepresentations were made orally by Mario Juarez to Mr. Madrigal. The parol evidence rule does not prevent introduction of extrinsic evidence to prove that a written instrument is invalid or unenforceable for fraud; evidence of fraud is admissible to show that the agreement is void or voidable. Such evidence to prove fraud or illegality is not evidence that varies, contradicts, or adds to the terms of a written evidence; it is evidence intended to prove that the written instrument, is simply *not enforceable*. Mr. Madrigal's testimony will present a triable issue of fact concerning fraud, and is therefore admissible. *Pacific State Bank vs. Greene*, (2003) 110 Cal.App.4th 375; *Zimmer vs. Nawabi*, (ED CA 2008) 566 F.Supp.2d 1025; C.C.P. §1856(f)-(g). Defendant's motion should therefore be overruled.

**II.     PLAINTIFF'S WITNESS LIST**

Plaintiff filed and served his witness list on February 14, 2014, pursuant to the Court's Order. Defendant Mario Juarez did not. Plaintiff listed himself, Defendant, and rebuttal witnesses – who these rebuttal witnesses are is not entirely certain because it

depends on what story Mario Juarez will proffer at trial. These rebuttal witnesses are all well-known to Mr. Juarez, former employees or business associates. There is no prejudice or surprise to Defendant as they serve only to refute any false testimony he tenders at trial. His motion should be overruled.

### III. PLAINTIFF'S EXHIBIT LIST

Plaintiff filed and served his exhibit list on February 14, 2014, pursuant to the Court's Order. Defendant Mario Juarez did not. All of the documents listed on Plaintiff's Exhibit Last, are intimately known by both sides. Indeed, virtually all of the documents in this case were *generated by Mario Juarez*, and virtually all were produced at the depositions of both Mr. Madrigal and Mario Juarez. No documents have been withheld. There is no prejudice or surprise to Defendant, and his motion should be overruled.

### IV. CONCLUSION

Defendant failed to file and serve his witness list, exhibit list, or statement of disputed/undisputed facts on February 14, 2014 pursuant to the Court's Order. Defendant failed to serve initial disclosures until just before his deposition was taken in April 2014. All documents, witnesses, and rebuttal witnesses have been well-known by defendant for at least two years. Hence, he cannot show prejudice or surprise, and his motion should be overruled.

Dated: May 8, 2014         **LAW OFFICE OF JAMES MARTINEZ**

                            /s/
                           JAMES MARTINEZ
                           Attorneys for Plaintiff
                           CARLOS MADRIGAL

# PROOF OF SERVICE

I, James Martinez, certify and declare:

I am over the age of 18 years, and am not a party to this action. My business address is 2340 Powell Street, #317, Emeryville, CA 94608. This service occurs in Contra Costa County. On the date set forth below, following ordinary business practices, I served a true copy of the foregoing document(s) described:

**CARLOS MADRIGAL'S OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE**

__X__ (BY MAIL) I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. I placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, to the addressee(s) below.

_____ (BY PERSONAL SERVICE) I personally delivered the above document(s) by hand between 9:00 a.m. and 5:00 p.m. to the office of the addressee(s) below.

_____ (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to received such envelope(s) to be delivered by overnight delivery, with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served below.

Lewis Phon
Law Offices of Lewis Phon
4040 Heaton Court
Antioch, CA 94509

I declare under the laws of the State of California that the above is true and correct.

Dated: May 8, 2014

                                 /s/
                            JAMES MARTINEZ